Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the circuit court, dismissing a bill exhibited in that court by the appellants against the appellees.
The main and only ground upon which there was any plausible pretext for resorting to a court of equity for relief, is that of a claim to the land in contest, asserted by the appellants in their own right, and through others, as heirs of Peter Harper, deceased.
That claim is repelled by the appellees, upon the ground, as they alledge in their answer, of Peter Harper not having died intestate; and they exhibit, from the records of *466 the Fayette county court, the copy of a will, which they charge was duly made and published by the said Peter, and by which they contend the land in contest was devised to Betty Harper, the mother of Peter, and through whom they derive the interest they hold in the land, &c.
Terms usual in a will drawn evidently by an unskilful man shall be scanned by their popular not their technical meaning—in epe consilii.
The will is in the following words, viz:
“I do hereby will unto mother, Betty Harper, the half “of my land and livings, after my decease, and if I die “without heir, then she is to have all that I possess; but if “I have any heir, then the whole is to be left to my heir after my mother’s decease. This I acknowledge to be my “hand and seal, this 10th of October, 1785.
“Peter Harper, (Seal.)
“ Witness,
“ISAAC HARPER,
“SARAH HARPER ”
Attached to this copy of the will, is the following order of the county court of Fayette:
“Fayette county, March court, 1790.
“This will was produced in court, proved by the oath of “Sarah Harper, a subscribing witness thereto, and ordered “to be recorded.
“Teste
“THOMAS ARNOLD, d. c. f. c.
On the part of the appellants it is contended, the will is not sufficiently proven to pass the land to the devisee, therein described; but if it were, it is urged, that as Peter Harper left living, at the time of his death, brothers and sisters, the mother cannot have acquired the right to all the land; but that it passed by the will to those who, at the time of the testator’s death, were, in legal contemplation, his heirs. And, on the part of the appellees, it is insisted, that the expression, heir, used in the will, should be construed to mean child, and that upon the event of the testator dying childless, be intended to give the whole of his to his mother.
The latter and not the former construction, we are of opinion, ought to be given to the will
The will was evidently written by a person uninformed in legal technicalities, and ought to be construed by giving to the language employed by the testator, its popular and not its technical acceptation. Pursuing this rule of interpretation there can, we apprehend, be little doubt as to the testator’s intention. In their popular sense, the ex *467 pressions “if I die without heir,” and “if I have any heir,” implies the dying without, or having a child, or heir of the testator’s body. Such, we suppose, to be the understanding of those expressions in their, usual and common acceptation with persons not skilled in legal matters, and such is the sense in which we think the testator designed to imply them.
Though a will devising lands requir's more than one subscribing witness, yet the proof of one witness proving the attestation of the others, is good to admit the will to record—and if it be recorded, it will be presumed the witness proved enough.
Hardin for appellants, Pope for appellees.
That those expressions should be so construed, is moreover evident from the adjudications of the court of appeals of Virginia on analagous cases. In 3 Call. 354, the expressions in a will, “in case my son, Thomas Hill, dies without lawful heir,” was held to be equivalent to, and construed to mean, heirs of his body. And in l Hen. a .d Mun 550, the same import was given to the expressions, “if my son, James Fisher, should die without lawful heir.”
If, then, we are correct in the construction thus given to the wills, it results that unless the proof of its execution is insufficient, the circuit court did right in decreeing a dismission of the appellants’ bill; for it is in proof that the testator, at the time of his death, had no child, and, according to our construction, it was upon the happening of that contingency the whole of his estate was to go to his mother. And as to the proof of the execution of the will, it need only be remarked, that its admission to record is sufficient to shew that the witness by whom it was proven in that court, established every fact essential to its due execution; and it is a settled rule, that although more than one witness is required to subscribe a will disposing of land, the evidence of one may be sufficient to prove it, as was held by this court in the case of at the spring term. 1820.
The decree must be affirmed with cost.